# COVER SHEET

E-FILED | 4/29/2021 3:09 PM
CC-02-2021-C-122
Berkeley County Circuit Clerk
Virginia Sine

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA
**Hunter Jessup v. Jeff Sandy**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**Judge:** Bridget Cohee

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Tort

**Origin:** ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes  ☐ No       **Case will be ready for trial by:** 4/29/2022
**Mediation Requested:** ☐ Yes  ☑ No
**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities
  ☐ Interpreter or other auxiliary aid for the hearing impaired
  ☐ Reader or other auxiliary aid for the visually impaired
  ☐ Spokesperson or other auxiliary aid for the speech impaired
  ☐ Other:

☐ I am proceeding without an attorney
☑ I have an attorney: Christian Riddell, 329 S. Queen Street, Martinsburg, WV 25401


EXHIBIT A

## SERVED PARTIES

| | |
|---|---|
| **Name:** | Jeff Sandy |
| **Address:** | 1900 Kanawha Blvd., E. Building 1, Room W-400, Charleston WV 25305 |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | Betsy Jividen |
| **Address:** | 1409 Greenbrier Street, Charleston WV 25311 |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | John Sheeley |
| **Address:** | 94 Grapevine Road, Martinsburg WV 25405 |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | Dontrewell E. Kelley |
| **Address:** | |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | Steven Zitmeyer |
| **Address:** | 123 4th Street, Shenandoah Junction WV 25442 |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | Abraham Arthur Bean |
| **Address:** | |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | John Michael Anderson |
| **Address:** | |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | First Name Unknown Costello |
| **Address:** | |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

E-FILED | 4/29/2021 3:09 PM
CC-02-2021-C-122
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA

HUNTER JESSUP,
    Plaintiff
v.                                              CIVIL ACTION NO.


JEFF S. SANDY, Personally and in his
official capacity as Secretary of West Virginia
Department of Military Affairs and Public Safety;
BETSY JIVIDEN, Personally and in her official
capacity as Department of Corrections Commissioner;
JOHN SHEELEY, Personally and in his official
capacity as Eastern Regional Jail Warden/Superintendent;
DONTREWELL E. KELLY, correctional officer,
Personally and in his/her official capacity;
STEVEN ZITMEYER, correctional officer,
Personally and in his official capacity;
ABRAHAM ARTHUR BEAN, correctional officer,
Personally and in his official capacity;
JOHN MICHAEL ANDERSON, correctional officer,
Personally and in his official capacity; and
[FIRST NAME UNKNOWN] COSTELLO, correctional officer,
Personally and in his official capacity; and
    Defendants

## COMPLAINT

Comes now the Plaintiff, Hunter Jessup by counsel, Christian J. Riddell, and complains as follows:

### I.    JURISDICTION AND VENUE

1. This is a civil action authorized under 42 U.S.C. Section 1983 to redress the deprivation, under color of law, of rights secured by the Constitution of the United States.

2. Jurisdiction and venue is proper in the Berkeley County West Virginia because it is where the events giving rise to this claim occurred.

3. Plaintiff seeks compensation only up to the limits of the applicable insurance coverage wherever such claims are so limited under the law.

4. The Plaintiff described above has constructively exhausted all administrative remedies for the violations described below.

## II.   PLAINTIFF

5. At all times relevant, Plaintiff Hunter Jessup was a prisoner serving a sentence at the ERJ. He is currently released from incarceration.

## III.   DEFENDANTS

6. At all times relevant Defendant Jeff Sandy was the Secretary of the West Virginia Department of Military Affairs and Public Safety, which oversees the West Virginia Division of Corrections and Rehabilitation ("DCR") and the West Virginia Eastern Regional Jail (ERJ).

7. At all times relevant, Defendant Betsy Jividen was the Commissioner of the West Virginia DCR.

8. At all times relevant, Defendant John Sheeley was the Warden/Superintendent at the ERJ, where all tortious acts described below took place.

9. At all times relevant, the many Correctional Officers ("Cos") involved in the allegations were employed as Correctional Officers at the ERJ.

10. All named individuals are being sued individually and in their official capacity. At all times relevant each defendant acted under the color of state law.

## IV.   FACTS

11. On or about June 26, 2018, Plaintiff Hunter Jessup was walking through the ERJ hallway when he was stopped by CO Flanagan and ordered to go to medical and get his medication.

12. While in route to medical, Plaintiff Jessup was stopped by CO Anderson, and asked what he was doing. Plaintiff Jessup responded by telling him he was getting his meds, per CO Flanagan's orders. CO Anderson told him he needed to return from wence he came, and Plaintiff Jessup reiterated Flanagan's directives.

13. In response, CO Anderson body slammed Plaintiff Jessup to the ground and radioed for assistance.

14. COs Bean, Kelly, Zitmeyer, and Costello all responded.

15. The COs placed handcuffs on Plaintiff Jessup, after the handcuffs were in secured on Plaintiff Jessup, CO Bean punched him in the face while another one of the COs maced him.

16. After being handcuffed, beaten, and maced, Mr. Jessup was thrown into a holding cell without being cleaned off or given a shower

17. It is a violation of protocol do place a prisoner in a holding cell after being maced without cleaning them off.

18. It is a violation of protocol to place a prisoner in a holding cell after being beaten without medical attention.

19. At no point was Plaintiff Jessup written up for assault or any other misconduct related to the above described incident.

20. In the years and months immediately preceding and following the events giving rise to the instant complaint, discussed above, there had been multiple other incidents at Eastern

Regional Jail where, as here, prisoners were victimized by the excessive force of correctional officers, the correctional officers involved were not punished, and efforts were taken by ERJ administrators to cover up evidence of correctional officer misconduct and/or deny prisoners the ability to document their injuries or meaningfully seek redress, including with respect to prisoners Michael Garrett, Mark Blue, Roger Reid, Adebowole Ojo, and David Richardson.

21. As a direct result of Defendants' conduct, Plaintiff Jessup incurred physical injuries, pain and suffering, and severe emotional distress.

## V. CLAIMS

A. COUNT 1: VIOLATIONS OF PLAINTIFFS 8th AMENDMENT RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT AGAINST DEFENDANT CORRECTIONAL OFFICERS

22. Plaintiff incorporates the above referenced facts as if set forth fully herein.

23. Defendant Correctional Officers, collectively referred to temporarily as John Doe, violated Plaintiff's right to be free of cruel and unusual punishment, pursuant to the 8th Amendment of the United States Constitution, by subjecting him to excessive force, as described more fully in the above referenced paragraphs, which was tantamount to torture.

24. Said use of force was not necessary to restrain said inmate because Defendant was already restrained.

25. Said use of force was malicious, and intended purely to cause physical pain and suffering to Plaintiff in retaliation for some perceived personal slight and as a means of deterring future such slights.

26. Efforts were made to cover up Plaintiff's constitutional violations and prevent Plaintiff from seeking redress for said violations, further violating Plaintiff's 8th Amendment rights.

27. As a direct and proximate result of Defendant Correctional Officers 8th amendment violations, Plaintiff suffered injuries in the form of medical bills, physical pain and suffering, and emotional distress.

B. COUNT 2: VIOLATION OF PLAINTIFF'S RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT AGAINST DEFENDANTS SANDY, JIVIDEN, AND SHEELEY

28. Plaintiff incorporates the above referenced facts as if set forth fully herein.

29. Defendants Jeff Sandy, Betsy Jividen, and John Sheeley, established a policy or custom of allowing correctional officers to engage in cruel and unusual punishment without fear of punishment as a means of keeping inmates "in line" and deterring noncompliance.

30. Said Policy encouraged Defendant Correctional Officers to believe that they could violate the Constitutional rights of inmates with impunity.

31. Said Policy violated Plaintiffs' 8th Amendment rights under the United States Constitution against cruel and unusual punishment.

32. Defendants Jeff Sandy, Betsy Jividen, and John Sheeley further aided and abetted said 8th amendment violations by (1) making efforts to prevent Plaintiff and all other individuals making 8th amendment claims from filing grievances and documenting their injuries; (2) making it more difficult for third parties and non-prisoners to witness misconduct; (3) making it difficult for Plaintiff and other prisoners to seek medical care after being subject to excessive force so as to avoid the creation of medical records; and (4) other acts as indicated in the facts above.

33. As a direct and proximate result of these 8th amendment violations, Plaintiff suffered injuries in the form of medical bills, physical pain and suffering, and emotional distress.

### C. COUNT 3: VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE 5TH AMENDMENT AGAINST ALL NAMED DEFENDANTS.

34. Plaintiff incorporates by reference the above stated facts as if set forth fully herein.

35. All named defendants, by taking various measures, as described above, to prevent Plaintiff from seeking redress for the other constitutional violations herein identified, violated Plaintiff's Right to Due Process under the 5th Amendment.

36. As a direct and proximate result of Defendant's 5th amendment violations, Plaintiff suffered injuries in the form of pain and suffering in the form of being prevented from seeking medical attention, emotional distress, loss of use, annoyance and inconvenience, and potential defects or weaknesses in their other claims as set forth in this complaint insofar as Defendant was unable to fully document the extent of the injuries, was deprived of his legal documents, were prevented from timely access to attorneys, and other similar injuries to his remedies under the law.

### D. COUNT 4: NEGLIGENT TRAINING AND OVERSIGHT AND FAILURE TO ACT ON REPEATED CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS SANDY, JIVIDEN, AND SHEELEY.

37. Plaintiff incorporates by reference the above stated facts as if set forth fully herein.

38. By allowing the repeated and pervasive 8th amendment violations, as set forth above, across a wide range of timeframes and individual correctional officers, Defendants Jeff Sandy, Betsy Jividen, and John Sheeley engaged in negligent oversight of Correctional Officers at ERJ.

39. By failing to take adequate measures to properly train its officers on means by which to enforce compliance with its rules without violating prisoner's Constitutional rights, Defendants Sandy, Jividen, and Sheeley engaged in negligent training of its officers.

40. Said failures to adequately train and oversee correctional officers in the Constitutional performance of their duties, despite the ongoing pattern of such violations, amounts to deliberate indifference to and failure to act on the Constitutional violations being perpetrated by ERJ personnel.

41. As a direct and proximate result of Defendants Sandy, Jividen, and Sheeley's Negligent Training and Oversight and Failure to Act, Plaintiff suffered injuries in the form of medical bills, physical pain and suffering, and emotional distress.

### E. COUNT 5: ASSAULT AND BATTERY AGAINST DEFENDANT CORRECTIONAL OFFICERS

42. Plaintiff incorporates by reference the above stated facts as if set forth fully herein.

43. Defendant Correctional Officers engaged in offensive touching of Plaintiff which was not related to any legitimate correctional purpose.

44. Said offensive touching, and the threat of said offensive touching, put Plaintiff in imminent fear of bodily harm.

45. As a direct and proximate result of Defendant Correctional Officer's batteries, Plaintiff suffered injuries in the form of medical bills, physical pain and suffering, and emotional distress.

### F. COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL NAMED DEFENDANTS

46. Plaintiff incorporates by reference the above stated facts as if set forth fully herein.

47. All named Defendants, by intentionally torturing Plaintiff, and/or establishing a policy promoting the intentional torture of inmates in retaliation for violations and perceived slights, committed outrageous conduct.

48. Said outrageous conducted was committed with the intent to cause Plaintiff severe emotional distress.

49. Said outrageous conduct did cause Plaintiff severe emotional distress.

50. As a direct and proximate result of Defendant's outrageous conduct, Plaintiff suffered injuries in the form of medical bills, physical pain and suffering, and severe emotional distress.

## VI.   PRAYER FOR RELIEF

51. Plaintiff Jessup seeks compensatory damages of $250,000 against all relevant Defendants, jointly and severely, for his physical injuries, pain and suffering, and severe emotional distress.

52. Plaintiff Jessup seeks punitive damages, where allowed by law, in the amount of $5,000,000 against all named Defendants, jointly and severally, or such other amount as the Court deems necessary to prevent and deter similar conduct in the future.

53. Plaintiff Jessup seeks prejudgment and post-judgment interest on all liquidated sums against all named Defendants.

54. Any other relief as to this Court seems proper.

55. Plaintiff requests a trial by jury.

HUNTER JESSUP,

By Counsel:

/s/ Christian J. Riddell
Christian J. Riddell (State Bar #12202)
329 S. Queen Street

Martinsburg, WV 25401
(304)267-3949

# SUMMONS

E-FILED | 9/7/2021 1:04 PM
CC-02-2021-C-122
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Hunter Jessup v. Jeff Sandy

Service Type:   Plaintiff - Private Process Server

NOTICE TO:   Dontrewell E. Kelley, 94 Grapevine Road, Martinsburg, WV 25405

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Christian Riddell, 329 S. Queen Street, Martinsburg, WV 25401

THE ANSWER MUST BE MAILED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

8/9/2021 3:10:36 PM
Date

/s/ Virginia Sine
Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☒ I certify that I personally delivered a copy of the Summons and Complaint to Lieutenant Condon, Supervisor of Dontrewell Kelley at 94 Grapevine Rd. Martinsburg, WV 25405

☐ Not Found in Bailiwick

08/27/2021
Date

_[Server's Signature]_
Server's Signature

CC-02-2021-C-122
Hunter Jessup v. Jeff Sandy

P-001 - Hunter Jessup                              v.   D-004 - Dontrewell E. Kelley
             Plaintiff                                                Defendant

# SERVICE RETURN

# SUMMONS

Case Number:

CC-02-2021-C-122

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Hunter Jessup v. Jeff Sandy

Service Type:   Plaintiff - Private Process Server

NOTICE TO:   Steven Zitmeyer, 123 4th Street, Shenandoah Junction, WV 25442

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Christian Riddell, 329 S. Queen Street, Martinsburg, WV 25401

THE ANSWER MUST BE MAILED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

8/9/2021 3:10:36 PM

Date

/s/ Virginia Sine

Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☒ I certify that I personally delivered a copy of the Summons and Complaint to _____ at 123 4th Street, Shenandoah Junction, WV 25442

☐ Not Found in Bailiwick

Date

Server's Signature

## CC-02-2021-C-122
### Hunter Jessup v. Jeff Sandy

P-001 - Hunter Jessup                           v.   D-005 - Steven Zitmeyer

Plaintiff                                                          Defendant

# SERVICE RETURN

# SUMMONS

E-FILED | 9/7/2021 1:03 PM
CC-02-2021-C-122
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Hunter Jessup v. Jeff Sandy

Service Type:   Plaintiff - Private Process Server

NOTICE TO:   John Michael Anderson, 123 Singleton Way, Martinsburg, WV 25403

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Christian Riddell, 329 S. Queen Street, Martinsburg, WV 25401

THE ANSWER MUST BE MAILED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

8/9/2021 3:10:36 PM
Date

/s/ Virginia Sine
Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☒ I certify that I personally delivered a copy of the Summons and Complaint to Lieutenant Condon, supervisor of John Anderson at 94 Grapevine Rd Martinsburg, WV 25405.

☐ Not Found in Bailiwick

08/27/2021
Date

Server's Signature

CC-02-2021-C-122
Hunter Jessup v. Jeff Sandy

P-001 - Hunter Jessup                     v.  D-007 - John Michael Anderson
Plaintiff                                                          Defendant

# SERVICE RETURN

# SUMMONS



E-FILED | 8/27/2021 3:38 PM
CC-02-2021-C-122
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Hunter Jessup v. Jeff Sandy

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   John Sheeley, 1154 Woodland Parkway, Waynesboro, PA 17268

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Christian Riddell, 329 S. Queen Street, Martinsburg, WV 25401

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

8/27/2021 3:38:01 PM            /s/ Virginia Sine
_____                _____
Date                            Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____            _____
Date                        Server's Signature